■ In the Matter of FRANCIS R. BREW, JR., Petitioner, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents.—Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review a determination of the Commissioner of Education which revoked petitioner's license as a land surveyor and suspended his license as a professional engineer for one year, but stayed the suspension and placed petitioner on probation for one year under stated terms. Petitioner, licensed as a professional engineer and land surveyor, was charged with practicing both professions with gross negligence, practicing the profession of land surveying with negligence on more than one occasion, practicing both professions fraudulently, and unprofessional conduct. The hearing panel found petitioner guilty of the charges and recommended that his land surveying license be revoked, that his professional engineering license be suspended for one year, but that the suspension be stayed, and that he be placed on probation pursuant to terms. The Board of Regents adopted the findings and recommendations of the hearing panel as modified by the Regents Review Committee, and thereafter the Commissioner of Education issued an order effectuating the determination of the Board of Regents. There is no merit to petitioner's contention that the determination under review is not supported by substantial evidence. To the contrary, the findings are supported by the testimony of four land surveyors, a profes-

---

sional engineer and numerous surveys which were marked in evidence. The testimony disclosed, among other things, that petitioner incorrectly calculated a boundary line; committed traverse closure errors; incorrectly described the square footage of a certain land parcel; improperly depicted the outline of a structure; incorrectly showed a nonexistent ravine; and made incorrect descriptions on a topographic survey. The testimony indicated, moreover, that certain errors were gross and substantial. There was also evidence that, contrary to petitioner's advertisements, he was not associated in his engineering and land surveying firm with any other licensed professional engineers or land surveyors. Accordingly, the record contains a rational basis from which respondents could conclude that petitioner was guilty as charged. Finally, we conclude that the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.